UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MYRTLE LEE BRYANT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-55 |
| | § | |
| NUECES HOSPITALITY, LP, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER ON MOTION TO REMAND</u>

On October 26, 2016, Plaintiff Myrtle Lee Bryant filed this personal injury case in the County Court at Law No. 4 of Nueces County, Texas. After amending her petition, she asserts premises liability and negligence claims[1] against defendants Nueces Hospitality, LP (NHLP), Choice Hotels International, Inc. (Choice), Rakesh Patel d/b/a Nueces Hospitality, LLC, and Jyoti Patel d/b/a Nueces Hospitality, LLC (together, the Patels). Plaintiff also joined defendant Liberty Insurance Company (Liberty), claiming misrepresentations with respect to a workers' compensation insurance policy alleged to be triggered by Plaintiff's claim.

Within 30 days of service of its summons, Liberty removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, alleging that in-state defendants NHLP and the Patels were improperly joined. Before the Court is Plaintiff's Motion to Remand. D.E. 11. For the reasons set forth below, the motion (D.E. 11) is **GRANTED**

---

[1] Plaintiff also alleges that the defendants constituted a joint enterprise or joint venture and therefore may be jointly and severally liable for any award that Plaintiff recovers for her injuries.

1 / 7

and this case is **REMANDED** to the County Court at Law No. 4 of Nueces County, Texas.

**THE ISSUE**

It is undisputed that diversity of citizenship exists between Plaintiff, who is a Texas resident, and defendants Liberty and Choice. It is also undisputed that the amount in controversy exceeds the $75,000 threshold required by 28 U.S.C. § 1332(a). However, defendants NHLP and the Patels are Texas citizens, ostensibly destroying complete diversity. To sustain federal jurisdiction, Liberty asserts that those defendants are improperly joined, and thus their citizenship may be disregarded because any claim against them is barred by virtue of a Liberty-issued workers' compensation insurance policy.

Texas Labor Code § 408.001 provides that "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . against the employer . . . [for] a work-related injury sustained by the employee." A covered employee seeking redress for an on-the-job injury therefore must look to the workers' compensation administrative process, not the courts, which lack jurisdiction over covered claims. *See generally City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013).

The burden Liberty has assumed by removing this case is to demonstrate that Plaintiff's claims against NHLP and the Patels are claims against employers, covered by the policy. As discussed more fully below, while the pleadings clearly allege a work-related injury, there is no equivalent clarity with respect to whether each of the in-state

defendants qualifies as Plaintiff's "employer" and is covered by the Liberty workers' compensation policy.

## STANDARD OF REVIEW

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* This strict construction rule arises because of federalism concerns and "'due regard for the rightful independence of state governments.'" *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)).

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc); *see also McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). The removing party may prove improper joinder by demonstrating: "'(1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Here, only the second method of proving improper joinder is at issue. Therefore, removal will be permitted only if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *see also Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09

(5th Cir. 2005) ("We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so.").

"[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573. The statement of a claim that ultimately lacks merit is not equivalent to an improper joinder of the defendant. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 284 (5th Cir. 2007). So for purposes of determining jurisdiction, "[t]he question of whether the plaintiff has set forth a valid claim against the in-state defendant(s) should be capable of summary determination." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 (5th Cir. Unit A 1981); *see also Smallwood*, 385 F.3d at 574 (approving "simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined"). The Court "need not and should not conduct a full scale evidentiary hearing on questions of fact affecting the ultimate issues of substantive liability." *B., Inc.*, 663 F.2d at 551.

## FACTS

There is no suggestion, and nothing in the policy of record to establish, that the Patels are named as insureds on the workers' compensation policy. And while Nueces Hospitality, LLC may have been listed as an insured at one time, it appears that the insured party was changed to NHLP. D.E. 1-5, p. 8. An affidavit from defendant Rakesh Patel states that Nueces Hospitality, LLC ceased to exist as of September 2007, at which point it was converted to NHLP. D.E. 1-4.

Yet the record also reflects continued use of the Nueces Hospitality, LLC name long after its purported dissolution. Specifically, Plaintiff has submitted copies of a 2016 W-2 form identifying Nueces Hospitality, LLC as her employer. She also submitted a copy of a 2015 paycheck drawn on an account apparently maintained by Nueces Hospitality, LLC, even though that entity would no longer have existed.

## DISCUSSION

Liberty has not satisfied the issue of whether the non-diverse defendants are employers. While Liberty is accurate in its representation of how the workers' compensation bar operates, its burden is not met unless Liberty also shows that each of the Texas defendants falls within its scope. An employee may have more than one employer for workers' compensation purposes. *Wingfoot Enterprises v. Alvarado*, 111 S.W.3d 134, 134–35 (Tex. 2003). However, employer status is a question of fact. *See Exxon Corp. v. Perez*, 842 S.W.2d 629, 630 (Tex. 1992).

Liberty has not established that fact in connection with this remand motion, and the Court cannot assume it because Plaintiff's allegations are not dependent upon a finding that the in-state defendants are employers. For example, one set of claims is based upon premises liability, requiring only that a defendant own or control the premises upon which the accident took place. The question of who employed Plaintiff is related to, but distinct from, the question of ownership or control of the premises where she fell.

"The complexity of the fact-intensive analysis" that would be necessary to determine the effect of the workers' compensation policy at issue therefore "is a strong indication that remand is warranted." *Moore v. Ford Motor Co.*, No. 08-02092, 2008 WL

3981839, at *3 (S.D. Tex. Aug. 22, 2008). The standard of review cautions against making fact determinations of this type. *Id.* at *2 ("[T]he Court must carefully distinguish an attack on the overall merits of the case from a showing that 'sham defendants' were added solely to defeat diversity jurisdiction."). Because the fact is not readily provable, it cannot support federal jurisdiction.

Liberty has not established that the policy covers all of the non-diverse defendants. The workers' compensation bar only applies if the employer has secured appropriate insurance to cover the claim. *See Garza v. Exel Logistics, Inc.*, 161 S.W.3d 473, 481 (Tex. 2005). Only NHLP appears to be covered by the workers' compensation policy. D.E. 1-5, p. 9. Nothing suggests that the Patels or Nueces Hospitality, LLC (whether or not they can be treated as one and the same) are insureds.

As noted above, there is some evidence that Nueces Hospitality, LLC no longer exists as a corporate entity. However, there is also some evidence that the Patels continued to use it as such. Again, under the standard of review, this Court may not adjudicate whether Nueces Hospitality, LLC has any continuing liability or what effect that may have on the liability or workers' compensation coverage of the Patels, individually.

Finally, Liberty points to the fact that it is currently processing a benefits claim for Plaintiff, which it apparently initiated for Plaintiff without her knowledge, and it has submitted an affidavit from one of its employees that appears to concede Plaintiff's eligibility. *See* D.E. 11-1 (Manuel Aranda Aff.). Still, in response to NHLP's challenge to the state court's jurisdiction prior to removal, the state court found sufficient factual

dispute over the scope of the policy to abate the case for 90 days to allow discovery into the question. *See* D.E. 11, pp. 2–3. This fact counsels in favor of remand, as does the fact that the parties have already conducted some discovery, including depositions of Plaintiff and Mr. Patel, while the matter was pending in state court. Mindful of the strict construction of the remand statute and the heavy burden Liberty must carry, the Court will order this action remanded.

## CONCLUSION

Liberty has not met its heavy burden of showing that the exclusive remedy provision of Texas workers' compensation law precludes any possibility of recovery against NHLP or the Patels. For the reasons set out above, the Court **GRANTS** Plaintiff's motion to remand (D.E. 11). The Court **ORDERS** this action **REMANDED** to the County Court at Law No. 4 of Nueces County, Texas, the court from which it was removed. The Court instructs the Clerk to terminate this federal action.

ORDERED this 4th day of June, 2018.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE